EXHIBIT B

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/5/2016 3:28:12 PM
James A. Noel
Latoya Grayes

IN THE SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

MARIA ELLISON,

    Plaintiff,

                            D-202-CV-2016-07617

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

## COMPLAINT FOR LONG TERM DISABILITY, BREACH OF CONTRACT AND FOR VIOLATIONS OF ERISA

COMES NOW Plaintiff, Maria Ellison, by and through her attorney, Donald D. Vigil, P.C., and states as to her causes of action against Defendant, UNUM Life Insurance Company of America, as follows:

### INTRODUCTION

1. This case arises under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et. seq. ("ERISA").

### PARTIES

2. Maria Ellison, hereinafter referred to as the Plaintiff, is a resident of Albuquerque, Bernalillo County, New Mexico.

3. On information and belief, Defendant UNUM Life Insurance Company of America is a foreign corporation, having its principal place of business in Chattanooga, Tennessee. UNUM Life Insurance Company of America regularly does business in Bernalillo County and in New Mexico and, at all times material herein, was engaged in trade of commerce as defined by Section 57-12-2 NMSA 1978.

4. Upon information and belief, its policy provisions are self-administered.

## JURISDICTION AND VENUE

5. Because this is a claim for ERISA Long Term Disability Benefits, the case is governed by ERISA 29 U.S.C. § 1132(f) as outlined more fully below, and for that reason, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed with Hill-Rom when she became disabled.

7. Beginning in approximately November 2010, Plaintiff's physical condition prevented her from completing tasks associated with her employment. Her sickness and ill health made her unable to work for Hill-Rom as a medical sales representative and prevented her from performing every duty pertaining to her occupation for remuneration or profit.

8. Plaintiff left her employment with Hill-Rom as a medical sales representative due to her inability to perform work as a result of her disability.

9. Plaintiff applied to Defendant for disability benefits under Defendant's Long Term Disability Benefit Plan ("the Plan"), in which she was a covered participant.

10. During that time frame and continuing thereafter, Plaintiff's condition has not improved and she has aged. As of the date of this complaint, Plaintiff is 53 years old.

11. During that time frame, no doctor or other medical provider has released Plaintiff to return to work.

12. Plaintiff was approved for Long Term Disability (LTD) benefits beginning May 2013 and was paid LTD benefits through May 21, 2015, but not thereafter.

13. Plaintiff's benefits were paid for 24 months as a "mental disability" claim, but no more.

14. Plaintiff challenged Defendant's determination and went through Defendant's administrative process. Defendant made a final determination on September 22, 2016 that Plaintiff was not entitled to disability benefits beyond May 21, 2015.

## I -BREACH OF FIDUCIARY DUTY UNDER ERISA

15. In the event that it is determined that this matter is governed solely by ERISA, then the following is being pleaded in the alternative:

16. Defendant owed Plaintiff the fiduciary duty under ERISA to administer the Plan solely in the interest of the Plan's participants and beneficiaries. ERISA §404(a)(1)(A), 29 U.S.C. §(a)(1).

17. By failing to pay Plaintiff her correct, full benefits due under the Plan, Defendant has administered the Plan for its benefit, not solely in the interest of Plaintiff and other Plan participants, and thereby has violated its above fiduciary duty under ERISA.

18. As a result of this breach, Defendant and its Plan administrators are jointly and severally and personally liable to Plaintiff.

## II-PAYMENT OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

19. As a covered participant in Defendant's Plan, Plaintiff is empowered to bring a claim under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, or to clarify her rights to future benefits under the terms of the Plan since Defendant has wrongfully denied her claim and has not paid Plaintiff any LTD benefits due to her under the Plan since the benefits were terminated on or about May 21, 2015.

### III - ATTORNEY'S FEES UNDER ERISA

20. Defendant's conduct in this action is in the interests of all Plan participants, and the relief granted hereunder will benefit all such participants.

21. Defendant is able to satisfy an award of attorney's fees to Plaintiff.

22. Such an award would deter Defendant and others from so acting under similar circumstances.

23. Defendant's position and conduct were without merit during a period of extreme personal distress and disability for Plaintiff.

24. Defendant is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g).

### IV- CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

25. Defendant's actions, as set out in this Complaint, denied Plaintiff her full and correct benefits under the Plan and constitute breach of contract.

### SECOND CLAIM FOR RELIEF

26. Defendant's actions, as set out in this Complaint, breached the fiduciary duty under ERISA to administer the Plan solely in the interest of the Plan's participants and beneficiaries.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Grant judgment on all of her claims.

B.  Order that Defendant pay to Plaintiff the correct and full benefits due under the Plan.

C. Award Plaintiff reasonable and compensatory damages in an amount to be determined at trial, as a result of Defendant's failure to pay Plaintiff's correct, full benefits under the Plan; and for Breach of Defendant's fiduciary.

D. Award Plaintiff the costs of this action and her attorney's fees by law as provided.

E. Award Plaintiff such other and further relief as this Court determines to be just and proper.

Respectfully Submitted,

DONALD D. VIGIL, P.C.

By /s/ Donald D. Vigil
Donald D. Vigil
Nicholas C. Stiver
Attorney for Plaintiff
100 Fourteenth St. SW
Albuquerque, NM 87102
(505) 247-2020
(505) 764-8380 Fax

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/5/2016 3:28:12 PM
James A. Noel
Latoya Grayes

IN THE SECOND JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF BERNALILLO

MARIA ELLISON,

    Plaintiff,

D-202-CV-2016-07617

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATE

Donald D. Vigil, Counsel for Plaintiff, pursuant to Second Judicial District Court Local Rules, Rule LR2-603, certifies as follows:

> This party seeks only a money judgment and the amount sought EXCEEDS twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Respectfully Submitted,

DONALD D. VIGIL, P.C.

By: _____
Donald D. Vigil
Nicholas C. Stiver
Attorney for Plaintiff
100 Fourteenth St. SW
Albuquerque, NM 87102
(505) 247-2020
(505) 764-8380 Fax